ORIGINAL

# In the United States Court of Federal Claims

No. 14-224T

(Filed: October 6, 2014)

FILED
OCT - 6 2014
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| LOWELL G. FERGUSON, and XIOMARA FERGUSON, *pro se*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Tax refund suit; RCFC 12(b)(1); Jurisdiction – tax jurisdiction is under 28 U.S.C. § 1492(a)(1) not 28 U.S.C. § 1346(a)(1); Statute of limitations in 28 U.S.C. § 6532(a)(1); Equitable tolling –*RFI Holdings*; Motion to dismiss granted. |

## OPINION

*Lowell G. Ferguson* and *Xiomara Ferguson, pro se*, for plaintiffs.

*Paul George Galindo*, Tax Division, United States Department of Justice, with whom was Assistant Attorney General *Kathryn Keneally*, for defendant.

**ALLEGRA, Judge**:

In this tax refund suit, plaintiffs, Lowell G. Ferguson and Xiomara Ferguson, seek to recover Social Security and Medicare taxes. *See* 26 U.S.C. §§ 3101-3128 (2012). Defendant seeks to dismiss the case for lack of jurisdiction under RCFC 12(b)(1). For the reasons that follow, the court **GRANTS** defendant's motion.

In 2005, Delta Airlines filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code (11 U.S.C §§ 1101-1174).[1] As a result of the bankruptcy, a portion of the company's assets were distributed to retired employees, including plaintiff Lowell Ferguson. Delta Airlines issued Mr. Ferguson a wage and tax statement, Form W-2, for the 2007 tax year, indicating that $6,045.00 was withheld for Social Security tax and $1,454.16 was withheld for Medicare tax.

---

[1] The facts cited above are largely drawn from plaintiffs' complaint and, for purpose of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Other facts recited herein are jurisdictional facts that derive from documents filed by defendant with its motion. *See* RCFC 12(d).

On January 22, 2011, Mr. Ferguson and his wife filed a Form 843 claim for refund with the Internal Revenue Service (IRS) to recover $7,499, the amount withheld for Social Security and Medicare taxes. On April 4, 2011, the IRS sent plaintiffs a notice of the disallowance of their refund claim through certified mail. The notice instructed them that they could appeal the decision to the IRS Appeals Office or, alternatively, file suit in a U.S. district court with jurisdiction or in the U.S. Court of Federal Claims. The notice stated that the suit must be filed "within 2 years from the date of this letter," and further explained "[i]f you decide to appeal our decision first, the 2-year period still begins from the date of this letter."

On April 15, 2011, plaintiffs appealed the decision to the IRS Appeals Office. On May 21, 2012, the IRS Appeals Office mailed plaintiffs a letter, stating that it had sustained the disallowance of plaintiffs' claim for refund. The letter further advised that plaintiffs could file suit challenging the disallowance in a U.S. district court with jurisdiction or the U.S. Court of Federal Claims "within 2 years from the mailing date of this letter."

On March 24, 2014, plaintiffs filed a complaint in this court seeking to recover $7,499.00, plus filing fees and accountant's fees. On May 22, 2014, defendant filed a motion to dismiss the complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). On June 23, 2014, plaintiffs filed their response. On July 8, 2014, defendant filed a reply to plaintiffs' response to the motion to dismiss, requesting that the motion to dismiss be viewed alternatively as a motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6). On October 3, 2014, the court permitted plaintiffs to file a surreply.

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department," including tax refund actions authorized by 26 U.S.C. § 7422(a). *See Kaplan v. United States*, 113 Fed. Cl. 84, 86 (2013), *vacated on other grounds*, 115 Fed. Cl. 491 (2014); *Hinck v. United States*, 64 Fed. Cl. 71, 76 (2005), *aff'd*, 446 F.3d 1307 (Fed. Cir. 2006), *aff'd*, 550 U.S. 501 (2007).[2] Such tax refund actions cannot be brought, in any court, "until a claim for refund or credit has been duly filed" with the IRS. 26 U.S.C. § 7422(a); *United States v. Dalm*, 494 U.S. 596, 601-02 (1990). An administrative refund claim must be filed

---

[2] This court's jurisdiction over refund suits does *not* – **NOT** – derive from 28 U.S.C. § 1346(a)(1). *See Roseman v. United States*, 2013 WL 151716, at *1 n. 2 (Fed. Cl. Jan. 3, 2013). The latter provision provides jurisdiction only for district court tax refund suits. *See Hinck*, 64 Fed. Cl. at 74-76; *see also New England Mut. Life Ins. Co. v. United States*, 52 F.2d 1006, 1008 (Ct. Cl. 1931); M. Carr Ferguson, "Jurisdictional Problems in Tax Controversies," 48 Iowa L. Rev. 312, 346 n.175 (1962-1963) ("The jurisdiction of the Court of Claims in tax cases is conferred by 28 U.S.C. § 1491 . . . . Although the Court of Claims is mentioned in 28 U.S.C. § 1346 . . . , it is only mentioned in passing by this younger statutory provision, reference being made to the jurisdiction already extended under the other sections."); *see generally, Usibelli Coal Mine v. United States*, 54 Fed. Cl. 373, 375-76 (2002), *rev'd, on other grounds*, 311 Fed. Appx. 350 (Fed. Cir. 2008).

within two years from the date a tax is paid or three years from the time the return was filed, whichever is later. 26 U.S.C. § 6511(a); *see United States v. Dalm*, 494 U.S. 596, 602 (1990); *Boeri v. United States*, 724 F.3d 1367, 1369 (Fed. Cir.), *cert. denied*, 134 S. Ct. 801 (2013).

Section 6532(a)(1) of Title 26 provides the statute of limitations for such suits. It provides:

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section . . . nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1); *see also Dalm*, 494 U.S. at 601-02; *Hamzik v. United States*, 64 Fed. Cl. 766, 766 (2005). Additionally, subsection (a)(4) provides that:

> [a]ny consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

26 U.S.C. § 6532(a)(4); *Cadrecha v. United States*, 104 Fed. Cl. 296, 303 (2012). The sole exception to this rule is found in subsection (a)(2) of section 6532, which states that "[t]he 2-year period . . . shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary." 26 U.S.C. § 6532(a)(2); *see Cadrecha*, 104 Fed. Cl. at 304; *Jackson v. United States*, 100 Fed. Cl. 34, 45 (2011).

Plaintiffs, however, assert that the refund claim in question is timely under the doctrine of equitable estoppel, citing, for this purpose, the language in the aforementioned IRS letter of May 21, 2012. In *United States v. Brockamp*, 519 U.S. 347, 348 (1997), the Supreme Court held that the statute of limitations provision in 26 U.S.C. § 6511 was not subject to equitable tolling. Shortly thereafter, the Federal Circuit, in *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed. Cir. 1998), held that the statute of limitations provision in section 6532 is likewise not subject to equitable tolling. A number of opinions, including those of this court, have followed suit. *See Marcinkowsky v. United States*, 206 F.3d 1419, 1421-22 (Fed. Cir. 2000); *Palm v. United States*, 2014 WL 2536485, at *4-5 (Fed. Cl. June 5, 2014); *Jackson v. United States*, 100 Fed. Cl. 34, 44-45 (2011); *Brach v. United States*, 98 Fed. Cl. 60, 67 (2011), *aff'd on other grounds*, 443 Fed. Appx. 543 (2011); *Estate of Orlando v. United States*, 94 Fed. Cl. 286, 292-93 (2010).[3] These cases make clear that the statute of limitation in section 6532 may not be

---

[3] *See also Garrett v. U.S. Internal Revenue Serv.*, 8 Fed. Appx. 679, 680 (9th Cir. 2001); *Brewer v. United States*, 390 F. Supp. 2d 1378, 1381 (S.D. Ga. 2005); *see generally Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 348-49 (3d Cir. 2000), *cert. denied*, 521 U.S.

tolled for any reason, including plaintiffs' assertions with respect to statements previously made by IRS officials.

Accordingly, based on the foregoing, the statute of limitations in section 6532(a)(1) is not tolled here and is fully applicable to plaintiffs' complaint. Plaintiffs' complaint, therefore, is untimely. Based on the foregoing, under RCFC 12(b)(1), the court lacks jurisdiction over plaintiffs' complaint. The Clerk is hereby ordered to dismiss the complaint.

**IT IS SO ORDERED.**

/s/ Francis M. Allegra
Francis M. Allegra
Judge

---

1071 (2001); *Danoff v. United States*, 324 F. Supp. 2d 1086, 1099-1100 (C.D. Cal. 2004), *aff'd*, 135 Fed. Appx. 950 (9th Cir. 2005).